UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
    Petitioner,              )
                             )
    v.                       )  C.A. No. 13-10092-MLW
                             )
                             )
JASON AMIN-BEY,              )
    Respondent.              )

MEMORANDUM AND ORDER

WOLF, D.J.                                          September 6, 2013

On September 5, 2013, the United States filed a Motion to

Withdraw the Petition Pursuant to 18 U.S.C. §4246 for a Hearing to

Determine Present Mental Capacity of an Imprisoned Person Due for

Release, stating that "[a]t this time, the interests of justice no

longer require pursuit of this matter." Docket No. 51 at 1. The

government represents that Respondent Jason Amin-Bey assents to the

withdrawal of the petition. Id. at 2. It states that: "[p]ursuant

to the orders of the Honorable Patty Shwartz, United States

Magistrate Judge for the District of New Jersey, entered on August

18, 2011 and September 28, 2011, Respondent was detained under the

Bail Reform Act and must therefore be returned to the custody of

the U.S. Marshal's Service for further proceedings in connection

with the pending criminal charges." Id.

Amin-Bey has been detained after being determined on November

15, 2011 to be incompetent to stand trial on criminal charges in

the District of New Jersey. On June 15, 2012, Judge Patti Saris

found that Amin-Bey continued to be incompetent to proceed to

trial, and ordered hospitalization in custody for the purpose of further examination of Amin-Bey's condition and to determine whether the release of Amin-Bey would create a substantial risk of bodily injury to another person or serious damage to property of another, pursuant to 18 U.S.C. §4246(d). On January 15, 2013, the United States filed the instant petition seeking Amin-Bey's detention based on such alleged future dangerousness. Pursuant to a June 24, 2013 Order, a hearing is scheduled for September 11 and 12, 2013, to determine whether Amin-Bey's continued detention is justified.

The Motion to Withdraw the Petition raises questions that have not been addressed. Among other things, the government has not explained: whether it now asserts that Amin-Bey is competent to stand trial and intends to proceed to prosecute the criminal charges against him; what will occur if and when Amin-Bey is returned to the District of New Jersey pursuant to Orders that the court has not been provided; and why Amin-Bey reportedly assented to withdrawal of the petition.

The government evidently understands that leave of court is required to withdraw the petition. As the Supreme Court has explained in the context of interpreting the "leave of court" requirement for dismissal of a criminal case pursuant to Federal Rule of Criminal Procedure 48(a):

> The principal object of the "leave of court' requirement
> is   apparently   to   protect   a   defendant   against

-2-

> prosecutorial harassment, <u>e.g.</u> charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection . . . But the Rule has also been held to deny Government dismissal motions to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.

<u>Rinaldi v. United States</u>, 434 U.S. 22, 30, n.15 (1977)(citations omitted).

In view of the court's responsibility to assure that the withdrawal of the petition is indeed assented to by Amin-Bey and not clearly contrary to the public interest, it is hereby ORDERED that, by September 9, 2013: (a) the government shall file an affidavit addressing the questions raised in this Memorandum; and (b) counsel for Amin-Bey shall report whether Amin-Bey consents to the withdrawal of the petition and, if so, the reasons for doing so. If the court does not allow the Motion to Withdraw the Petition promptly, these questions will be addressed at the outset of the September 11, 2013 hearing.

UNITED STATES DISTRICT COURT

-3-